United States District Court
Southern District of Texas
FILED

MAR 30 2009

Michael N. Milby
Clerk of Court

**J B BLACK**
**8611 Cottage Gate Ln**
**Houston, TX 77088**
**Jbblack1@hotmail.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS-HOUSTON

J B Black,

Plaintiff,

vs.

Trans Union LLC, Experian Information Solution, Equifax LLC, Texas Guaranteed Student Loan., Sallie Mae, ChexSystems Inc., CBNA aka Citifinancial Mortgage Company, Inc., National Credit Systems, AMC Mortgage Services, Fort Sill National Bank, Piedmont Aviation Credit Union, GEMB Dillards, HSBC Card Services, Fort Sill National Bank, Telecheck, Discover Financial Services, GMAC, General Revenue Corp, Bank of America,NA, Gables, Wells Fargo Bank, WFCB/Carter Lumbar, Capital One, HSBC Mortgage Corp, Macy's/DSNB, Marlin Leasing Corp, Credit Technologies, Inc. CREDCO, Innovative Merchant Services, Inc. Landsafe Credit, Nationwide Credit, Desert Audi, CAC

**CASE NO: H-09-726**

**AMENDED COMPLAINT**

Financial, One Source Credit, Bill Heard Chevrolet, Triad Financial, Citifinancial Auto, Regional Adjustment Bureau, Advantage Credit Int'l, Central Financial Control, )

Defendant )

Upon information and belief, and in good faith, Plaintiff, J B Black alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act ("FDCPA") Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

## JURISDICTION

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681(p) and 28 U.S.C. 1331. Venue lies in Harris County in the U.S. District Court, Southern District of Texas-Houston.

## PARTIES

3. Plaintiff J B Black (hereafter "I" or "Plaintiff") is a resident of Houston Texas. Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.

4. Defendant Trans Union LLC (hereafter "Trans Union") is both a "person" as defined by FCRA 1681(a) and a "consumer reporting

agency" as defined by FCRA 1681a(f). Trans Union is authorized to do business in the State of Texas, with it principle place of business located at 555 West Adams, Chicago Illinois 60661.

5. Defendant Experian Information Solutions (hereafter "Experian") is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a(f). Experian is authorized to do business in the State of Texas, with its principle place of business located at 475 Anton Blvd. Costa Mesa, CA 92626

6. Defendant Equifax Information Services LLC (hereafter "Equifax") is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a (f). Equifax is authorized to do business in the State of Texas, with its principle place of business located at 1550 Peachtree St. NW Atlanta, Georgia 30309.

7. Defendant Texas Guarateed Student Loan; (hereafter "NCO") maintains offices in Horsham, Pennsylvania, is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b) and a "reseller" as defined by FCRA 1681a(u). NCO is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8. Upon information and belief, Defendant Sally Mae FFELP, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experiences with any consumer and/or other financial institutions.

9. Upon information and belief, Defendant CBNA (hereafter "CBNA") is a "furnisher" of information as contemplated by FCRA 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10. Defendant AMC Mortgage Services is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11. Defendant National Credit Systems is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12. Upon information and belief, Defendant FORT SILL NATIONAL BANK is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

13. Upon information and belief, Defendant Piedmont Aviation Credit Union, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more

consumer reporting agencies about consumer transactions or experiences with any consumer.

14. Upon information and belief, Defendant GMB Dillards, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

15. Upon information and belief, Defendant HSBC Card Services, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Upon information and belief, Defendant Telecheck, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Upon information and belief, Fort Sill National Bank, is a "furnisher" of information as contemplated by FCRA 1681s - 2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

18. On or about September 21, 2008, I received notice from BNY Mellon Shareowner Services that computer tapes

concerning my personal information were lost and maybe compromised. See attached document.

19. On or about September 22, 2008 I immediately notified the Experian, Equifax and Trans Union and ordered copies of my credit reports.

20. On or about September 23, 2008 I received copies of my credit reports which showed erroneous, inaccurate, and fraudulent data regarding my persons and financial and business transactions.

21. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.

22. Plaintiff has since received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from Experian, Trans Union, Equifax and ChexSystems. All of which are reporting inaccurate, fraudulent, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.

23. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies and as a direct result and proximate cause of credit reporting agency(s) reporting erroneous, inaccurate, fraudulent and adverse information, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

## CAUSES OF ACTION

24. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

25. Trans Union; continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

26. Trans Union; continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.

27. Trans Union; willfully, and negligently reinserted removed items on Plaintiff's consumer credit report without notifying Plaintiff in writing within 5 business days in violation of FCRA (A)(5)(B)(ii).

28. Trans Union; continues to willfully, maliciously, and negligently violate FCRA 1681e (b), on multiple occasions.

29. AS a result of Trans Union's actions, Plaintiff has been damaged.

30. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

31. Trans Union; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

32. Trans Union; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

33. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

34. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

35. Experian, continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

36. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C.

1681o, the costs of the action together with reasonable attorney's fees.

37. Experian; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

38. Experian; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

39. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

40. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

41. Equifax; continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

42. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

43. Equifax; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

44. Equifax; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

45. As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

46. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

47. Texas Guarateed Student Loan INC.; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

48. Texas Guarateed Student Loan INC.; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

49. Texas Guarateed Student Loan INC.; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

50. Chex Systems Inc.; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

51. ChexSystems Inc.; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

52. Citifinancial Mortgage Company, Inc.; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

53. AMC Mortage Services aka CARD GARD/Check One; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and s willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of sections 1681b (a)(3)(F).

54. AMC Mortage Services aka Card Gard/Check One; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

55. National Credit Systems; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

56. National Credit Systems; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

57. Piedmont Aviation Credit Union; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

58. GEMB Dillards; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

59. HSBC Card Services willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

60. Telecheck; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

61. Telecheck: willfully and negligently failed to validate Plaintiffs' allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

62. Fort Sill National Bank; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

63. Discover Financial Services, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

64. Central Financial Control, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

65. GMAC, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

66. GENERAL REVENUE CORP, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

67. Bank of America, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

68. Gables, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

69. Wells Fargo Bank, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

70. WFCB/Carter Lumbar, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

71. Capital One, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

72. HSBC Mortgage Corporation, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

73. Macy's/DSNB, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

74. Marlin Leasing Corporation, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

75. Credit Technologies, Inc. willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

76. CREDCO, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

77. Innovative Merchant Services, Inc. willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

78. Landsafe Credit, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

79. Nationwide Credit, Inc. willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

80. Desert Audi, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

81. CAC Financial Corporation, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

82. One Source Credit Reporting, LLC willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

83. Bill Heard Chevrolet, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

84. Citi Financial Auto, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

85. Regional Adjustment Bureau, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

86. Advantage Credit International, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that judgment be entered against Defendants for:

a.) Actual damages in an amount to be shown at trial;

b.) Statutory damages pursuant to FCRA 1681n;

c.) Punitive damages pursuant to FCRA 1681n;

d.) Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;

e.) Costs and reasonable attorney's fees; and

f.) Such other relief as may be just and proper.

March 17, 2009

J B Black

In Propria Persona